```
           UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**CAREY DAWSON,**

    **Movant,**

v.                                      **CASE NO. 2:08-cr-00280**
                                          **CASE NO. 2:10-cv-00896**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's "Petition for Modification of Sentence pursuant to 28 U.S.C. § 2255" (docket # 63, "Motion"). Movant, Carey Dawson ("Defendant"), is serving a sentence of 46 months, upon his guilty plea to knowingly possessing a firearm in and affecting interstate commerce while addicted to a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), to be followed by a three-year term of supervised release. (Amended Judgment in a Criminal Case entered June 16, 2009, # 44.) He was also sentenced to pay an assessment of $100. Id. The Judgment "recommends that the defendant be placed in the Bureau of Prisons Intensive 500 Hour Drug Treatment Program." Id.

His direct appeal was unsuccessful. United States v. Dawson, No. 09-4561, 364 Fed. Appx. 43, 2010 WL 489500 (4th Cir. Feb. 10, 2010).

The § 2255 Motion was filed with the Clerk on July 13, 2010.

Accordingly, Defendant's Motion was timely filed.

Facts of the Case and Procedural History

The facts are set forth in Defendant's presentence report ("PSR"). On November 5, 2008, during a traffic stop, Defendant's vehicle was found to contain two bags of cocaine (total weight approximately 64 grams), a set of digital scales, and two loaded handguns (a .357 Magnum revolver and a 9mm handgun). (PSR, ¶ 9, at 4.) That same day, evidence of marijuana and cocaine use and additional ammunition were obtained from Defendant's residence. Id. ¶ 12, at 5. A shotgun was observed in the living room. Id., ¶ 13. Defendant was charged in state court and released on bond. Id., ¶ 14.

A federal grand jury indicted Defendant on January 8, 2009, and a warrant was issued for his arrest. (## 1, 4.) When officers went to Defendant's residence to arrest him, Defendant gave them consent to search. (PSR, ¶ 15, at 5.) Again, evidence of marijuana use was recovered. Id. In addition, a Ruger Ranch .223 caliber rifle and a magazine with 40 rounds of ammunition were found in a black case in a basement closet. Id., at 5-6. Defendant told the officers that the rifle had been left at his residence by another person. Id. at 6. Defendant admitted to using marijuana daily since age 16 or 17, and to using cocaine daily since age 27. Id., ¶ 16, at 6. During the interview with the probation officer for the presentence report, Defendant

2

admitted that he has a substance abuse problem ("describing his cocaine use as 'out of control'"), and that the Ruger rifle belonged to him, having purchased it in response to an advertisement in the Ad Bulletin.  Id., ¶¶ 22-23.

Ground for Relief and Positions of the Parties

>   Defendant raises one ground for relief:
>
>   Petitioner <u>does not seek an adjustment of the length of his sentence</u>, only to have its terms modified, or the institution of incarceration required to allow him the benefits of the Residential Drug Abuse Program, which this Honorable Court ordered him to attend.

(Motion, # 63, at 1.)[1]  Defendant has applied to participate in the Residential Drug Abuse Program, but has been precluded from early release pursuant to 18 U.S.C. § 3621(e)(2)(B) and the regulations promulgated thereunder.  Id. at 7.[2]  He argues that it never occurred to him, prior to his prosecution, that he was addicted to controlled substances, and thus he did not know that it was an offense for him to possess a firearm.  Id. at 2-3.  Defendant contends that the regulation promulgated by the Bureau of Prisons concerning eligibility for early release, 28 C.F.R. § 550.55, goes beyond the intent of Congress when it passed § 3621(e)(2)(B).  He asserts that his offense of conviction should not disqualify him.

---

[1] Such relief is more appropriately sought by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

[2] The Motion as it is found in the Court's file appears to lack the final page (page 7) with the final request for relief and Defendant's signature.  The Court assumes that on the last page, Defendant requests that he be deemed eligible for the one-year early release available pursuant to § 3621(e)(2)(B).

## **ANALYSIS**

Under 18 U.S.C. § 3621(e)(2)(B), an inmate's term of imprisonment "may be reduced by the Bureau of Prisons". The decision to reduce, or not to reduce, an inmate's sentence is thus within the discretion of the Bureau of Prisons, and the Court will not overturn that decision unless such discretion was abused. See Lopez v. Davis, 531 U.S. 230, 238-39 (2001).

The pertinent regulation provides as follows:

> (b) *Inmates not eligible for early release*.
> As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
> \* \* \*
> (5) Inmates who have a current felony conviction for:
> \* \* \*
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon . . ..

28 C.F.R. § 550.55(b) (2009). Defendant's current felony conviction was for possession of a firearm. Accordingly, he falls squarely within the regulation which states that he is not eligible for early release. In Lopez, the Supreme Court held that the regulation disqualifying an inmate from early release due to his involvement with firearms was permissible. 531 U.S. at 244.

The undersigned proposes that the presiding District Judge **FIND** that the Bureau of Prisons did not abuse its discretion in disqualifying Defendant from early release and that the pertinent regulation is a permissible exercise of the Bureau of Prisons'

4

discretion.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion and dismiss this matter.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

<u>September 15, 2010</u>     *Mary E. Stanley*
    Date            Mary E. Stanley
                    United States Magistrate Judge